UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL LOCKLEAR,

        Plaintiff,

  v.                                                 Case No. 04-C-799

QUALA CHAMPANGNE, et al,

        Defendant.

**ORDER**

On August 23, 2004, Michael Locklear filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Locklear is a state prisoner serving a sentence following the revocation of terms of probation imposed by two different courts for a series of separate offenses. Although Locklear unsuccessfully sought federal habeas relief as to the sentence imposed by one of the courts, I earlier denied a motion to dismiss this action as a second or subsequent petition under 28 U.S.C. § 2244. Locklear now seeks leave to file an amended petition raising additional issues relating to his present confinement.

The proposed amended petition accompanying Locklear's motion is less than clear. While it appears to repeat some of the claims in his original petition, it also raises new claims that were not set forth in his initial petition. One of the new claims, in particular, leads me to believe that I should reconsider my earlier denial of Locklear's motion for the appointment of counsel. Locklear claims he was denied due process at the probation revocation hearing in this matter when his request

for counsel was denied by the public defender and a state court that reviewed his request. A transcript attached to his proposed petition includes a discussion of the fact that he is proceeding without counsel despite his request for an attorney and his apparent indigency. (Am. Pet., Ex. 12 at 43-57.)

Under some circumstances, a person facing the revocation of his probation has a constitutional right to counsel. *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973); *United States v. Yancey,* 827 F.2d 83, 89 (7th Cir. 1987). Whether this is such a case is not clear from the record before me. The respondent has not responded to Locklear's motion to amend, and thus I do not have the benefit of its view of the matter at this stage. Nevertheless, considering the importance of the right to counsel in criminal proceedings, and the overall procedural complexity of the issues already raised, I conclude that this is a matter in which counsel for the petitioner will insure a thorough consideration of the issues. Counsel will also be able to clarify issues and present them in a way that will allow both respondent and the court to properly address them.

The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254 if the court determines that appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." *See* 18 U.S.C. § 3006A(a)(2). Here I conclude that this standard is met. Locklear is financially eligible and I conclude that appointment of counsel will serve the interests of justice. I am advised that Federal Defender Services of Wisconsin will accept such an appointment. Accordingly, I hereby appoint Federal Defender Services of Wisconsin as counsel for Michael Locklear pursuant to 18 U.S.C. § 3006(a)(2)(B). I will withhold ruling on Locklear's motion to amend his petition until appointed counsel has an opportunity to review the file, meet with Locklear

2

and determine what, if any, amendments should be requested.  The clerk shall send a copy of the complete file to Federal Defender Services within five days.  Counsel for Locklear shall notify the court and defendant whether an amended petition will be filed within thirty days of receipt of the file.

**SO ORDERED.**

Dated this  9th  day of May, 2005.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge