UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL LOCKLEAR,

    Petitioner,

v.                                        Case No. 04-C-799

QUALA CHAMPAGNE,

    Respondent.

**DECISION AND ORDER**

Pursuant to 28 U.S.C. § 2254, petitioner Michael Locklear seeks federal habeas review of his revocation. In an earlier order denying the respondent's motion to dismiss, I noted, referring to the petitioner's tortuous state court proceedings, that "[t]o say that this case has a complicated procedural history is an understatement." (February 7, 2005 Decision and Order at 2.) It now appears that petitioner's *federal* proceedings have become equally complicated.

Counsel was appointed and moved to amend the petition to clarify its arguments and restate the claims. The amendment was allowed and the petition was amended to state three claims. After numerous extensions of time, the petition was briefed on only one of these claims, namely, that the petitioner's revocation violated due process because he was not provided with an attorney.

The respondent has now renewed an argument it made earlier, asking that I dismiss the petition as an improper second or successive petition under 28 U.S.C. § 2244(b)(1). That section states, with unqualified simplicity, that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." The

state argues that even if the present petition was allowed to proceed as a challenge to a separate revocation, the underlying "claim" is nevertheless still the same.

Locklear's earlier federal habeas petition was filed in the Western District, where Judge Crabb admitted to being baffled as to the reason the state courts had allowed Locklear to have two separate certiorari proceedings challenging his revocation. *See* 2002 WL 32349986 (W. D. Wis., Dec. 2, 2002.) Judge Crabb noted the potential that a successive habeas petition problem might materialize, and handled the issue thus: "This court will treat any such [newly filed] action as a free-standing, separate habeas petition that is not successive to this one, so long as petitioner limits his claims to those presented in his Waukesha County certiorari petition and does not attempt to rely on any of the Milwaukee County proceedings." Based in part on this rationale, I denied the respondent's earlier motion to dismiss the petition as successive because I found this petition could be limited to claims relating only to the Waukesha County case. In denying the motion to dismiss, I found: "Construing the petition as a challenge to the revocation of Locklear's probation in Waukesha County Case No. 91-CF-0408, and the resulting sentence, Locklear will be allowed to proceed." (February 7, 2005 Decision and Order at 7.)

It is now clear that the present petition is not merely a challenge to matters particular to the Waukesha County case. Although petitioner was subject to two separate suspended sentences in two counties, he only had a single revocation hearing on August 20, 1998. The issue of whether he was denied counsel at that hearing – the only claim he now presses – was presented in the Western District habeas petition, and the petition was denied on the grounds that Locklear had procedurally defaulted the claim. (Docket No. 7, Ex. H.) It is clear that a challenge to the adequacy or presence of counsel is a single claim: "it is essential to define the 'claim' as a challenge to a particular step

2

in the case, such as the introduction of a given piece of evidence, the text of a given jury instruction, or the performance of counsel." *Brannigan v. United States,* 249 F.3d 584, 588 (7th Cir. 2001). And because this claim was raised, and denied, in an earlier federal habeas proceeding, it is barred from consideration in a second or successive petition. A "denial on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition or § 2255 motion 'second or successive' for purposes of the AEDPA." *Henderson v. Lampert,* 396 F.3d 1049, 1053 (9th Cir. 2005) (quoting *Carter v. United States,* 150 F.3d 202, 205-06 (2d Cir. 1998) (per curiam)).

Accordingly, because the petitioner's claim is barred under 28 U.S.C. § 2244(b)(1), the petition is **DISMISSED**.

**SO ORDERED** this   26th   day of December, 2006.


                 s/ William C. Griesbach
                 William C. Griesbach
                 United States District Judge