UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL LOCKLEAR,

        Petitioner,

  v.                                                   Case No. 04-C-799

QUALA CHAMPAGNE,

        Respondent.

**ORDER**

On December 26, 2006, this court issued a decision denying Michael Locklear's petition for habeas corpus on the grounds that the argument he raised was an impermissible second or successive claim. On January 25, 2007, petitioner filed a motion under Fed. R. Civ. P. 60(b) seeking relief from the judgment. No response has been received from the respondent.

Briefly, the motion relies largely on a lengthy citation to *Beyer v. Litscher,* 306 F.3d 504 (7th Cir. 2002), in which the Seventh Circuit suggested that a challenge to a different judgment is a separate "claim" for purposes of the successive petition bar of 28 U.S.C. § 2244(b). Of course that is generally true, and was recognized as such by this court throughout this case. Once briefing was completed, however, it became clear that the only issue Locklear presented was an issue that had already been argued in his other habeas case. Petitioner does not address that conclusion and does not suggest that his argument would be any different than the argument already rejected by another federal court. He cites no case suggesting that a petitioner may make the exact same argument in two successive habeas petitions merely because the petitioner is subject to two sentences. Indeed,

*Beyer* suggests otherwise: "a challenge to a different judgment necessarily is a different 'claim' - *unless the prisoner's contention was or could have been raised before in the same case.*" *Id.* at 508 (italics added). That is what occurred here.

This court – as well as the Western District court – attempted to proceed with deliberate caution in light of the unusual nature of the petitioner's state proceedings. Both federal courts accounted for the possibility that the petitioner would be allowed to proceed on a second federal habeas petition. But when the petitioner's second petition limited itself to the very issue he had already raised in his prior petition, he foreclosed further review.

Although I have rejected the petitioner's argument on its merits, it is equally important to note that the motion would be denied even if petitioner were correct. Specifically, the motion does not raise the sorts of arguments that are generally cognizable in a Rule 60 motion. Rule 60, it is often noted, is an extraordinary remedy granted only in exceptional circumstances. *Russell v. Delco Remy Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). The Rule itself cites as permissible grounds for relief only such things as mistakes or inadvertence, newly discovered evidence, a void judgment, or the like, Fed. R. Civ. P. 60(b), and courts are not expansive in their interpretation of the rule. In fact, the rule's limitations have been underscored by the Seventh Circuit. In *Russell,* for example, the court noted that the rule was "designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Id.* And, in *Bell v. Eastman Kodak Co.,* the court confirmed that Rule 60 motions could not advance arguments for relief that could be advanced through a direct appeal. 214 F.3d 798, 801 (7th Cir. 2000). Given that "collateral attack, especially in civil cases, is disfavored because of the social interest in expedition and finality in litigation," Rule 60 motions must be limited to the sorts of things – such

2

as those conditions the rule explicitly mentions – "that could not have been used to obtain a reversal by means of a direct appeal." *Id.*

It is clear that petitioner's Rule 60 motion raises precisely the sort of argument that could be made on direct appeal and asserts nothing other than an error of law.[1] The motion does not raise newly discovered evidence or assert that the judgment is void or cite any other ground set forth in Rule 60(b). It is, in fact, tantamount to a reply brief on the merits that was simply filed several months too late, and thus the argument petitioner now raises should either have been made in a timely Rule 59 motion or in a direct appeal, not in a motion under Rule 60. There is, in short, nothing "extraordinary" or "special" about the circumstances of this case that would justify revisiting the merits. The Rule 60 motion is therefore denied.

Finally, petitioner has not yet filed a notice of appeal and seeks an extension of time to appeal under Fed. R. App. P. 4(a)(5)(A). The request for an extension of time will be denied for reasons similar to those addressed above. *See, e.g., Bell,* 214 F.3d at 801 ("[t]o allow a ground that can be adequately presented in a direct appeal to be made the basis of a collateral attack would open the door to untimely appeals.")*; Russell, supra,* 51 F.3d at 749 ("Rule 60(b) ... is not an appropriate vehicle for addressing simple legal error; otherwise, a party could circumvent the ordinary time limitation for filing a notice of appeal.")

An extension of time under Fed. R. App. P. 4(a)(5)(A) requires a showing of excusable neglect or good cause. *Garwood Packaging, Inc. v. Allen & Co., Inc.,* 378 F.3d 698, 700 (7th Cir. 2004). Though petitioner does not explicitly address this requirement, he seems to suggest that good

---

[1] Indeed, petitioner's own brief suggests that if the motion is denied he would appeal on the same grounds asserted in the motion.

3

cause may be found in the post-judgment strategy he has pursued. First, petitioner notes that because the Rule 60 motion was not filed within ten days of the entry of judgment, it did not toll the time for appealing. Fed. R. App. P. 4(a)(4)(A)(vi). Another consequence of filing after the ten-day period was the fact that this court would have lacked jurisdiction to grant his Rule 60 motion during the pendency of the appeal – whereas had the motion been filed within ten days of the judgment this court's hands would not have been so tied. Thus, petitioner forestalled filing a notice of appeal so as to avoid the consequences he incurred as a result of filing a postjudgment motion after the ten-day period expired.

Petitioner's strategy does not demonstrate "good cause" for extending the time period for appeal. Ultimately, petitioner seems to suggest that he should be granted an extension because of the unfortunate consequences of missing the ten-day deadline. But that is simply the way the rules operate; at its core, petitioner's argument simply reflects a dissatisfaction with the intended operation of the Federal Rules once a litigant has missed the ten-day deadline, and a desire to avoid the normal operation of those rules cannot logically constitute "good cause" for an extension. In other words, petitioner's argument for an extension of time essentially implies that being late – having to deal with limitations on the district court's jurisdiction and losing the benefit of tolling under Rule 4(a)(4)(A)(vi) – is *itself* good cause for an extension of time. This would not only wholly eviscerate the distinction the rules make between Rule 59 and 60 motions and the proper time for filing them, but it would create the bizarre and circular result that any tardiness must be excused because of the simple virtue of being tardy. Not surprisingly, the Seventh Circuit has explicitly rejected the petitioner's position, noting that a "collateral attack on a final judgment [under Rule 60] is not a permissible substitute for appealing the judgment within the time,

4

standardly 30 days, for appealing the judgment of a federal district court." Ultimately, as described above, the rules and the courts are clear in their demand that litigants must follow proper post-judgment procedures. If they do not, their displeasure with the consequences of those failures cannot itself constitute good cause for excusing them.

The petitioner's Rule 60 motion and the request for an extension of time in which to file an appeal are **DENIED**.

**SO ORDERED** this   1st   day of March, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
