# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL LOCKLEAR,

        Petitioner,

v.                                         Case No. 04-C-799

QUALA CHAMPAGNE,

        Respondent.

## ORDER

Petitioner has filed a notice of appeal and requests a certificate of appealability on a number of issues. The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

I dismissed the petitioner's case not based on any of the underlying claims on the merits, but for the procedural ground that his claim was an improper successive petition, in violation of § 2244(b)(1). That is, I concluded it was a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application." *Id.* When a district court

dismisses a habeas petition based on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Section 2253 mandates that both showings be made before a certificate of appealability is granted. *Id.* at 485. The district court is allowed, and indeed encouraged, to proceed first to the procedural issue if its answer is more apparent from the record and arguments. *Id.*

Petitioner seeks to appeal not just the denial of an extension of time to appeal, but also the denial of his Rule 60 motion and the original judgment dismissing the petition.[1] As to the underlying judgment dismissing the petition, the existence of multiple state judgments rendered consideration of the second-or-successive question more complex than the run-of-the-mill case applying 2244(b). The parties cited, and this court found, no precedent that clearly dictated the outcome. I find that given the unusual nature of the case, jurists could reasonably debate whether the claim was barred by § 2244(b) as a successive petition.

---

[1] The question arises as to what aspects of the case are subject to the certificate of appealability. When an appeal has not been timely filed and a district court, as here, denies a motion for an extension of time to appeal, the earlier-entered judgment dismissing the petition is no longer fair game for appeal – all that is left to appeal is the order denying the extension of time. Thus, given that the court of appeals will lack jurisdiction to review the judgment, it would seem to make little sense for a district court to consider granting a certificate of appealability as to the judgment. Yet although an appeal of the underlying judgment might indeed prove futile, I conclude that is ultimately a question for the appellate court. In other words, the post-judgment proceedings that may have rendered the appeal futile do not affect this court's analysis, under § 2253(c)(2), of whether reasonable jurists could debate the dismissal of the habeas petition.

2

Case 1:04-cv-00799-WCG   Filed 03/19/07   Page 2 of 4   Document 58

As noted earlier, in addition to considering the procedural basis for my denial of the petition, I must also consider whether the underlying petition states a claim for the denial of a constitutional right. In his COA request, petitioner has not advanced any argument supporting a substantial showing of a constitutional right, but the argument can be presumed from the petition itself and his brief in support. In the petition, he asserts he was denied counsel at his revocation hearing in Waukesha County case number 91-CF-408. In actuality, his gripe was with the Office of the State Public Defender, who denied him appointed counsel because it counted petitioner's wife's income when calculating his ability to pay. If petitioner was truly unable to afford counsel and counsel was denied to him, he would not have "waived" the right to counsel. On the other hand, it appears that petitioner never appealed the public defender's financial ineligibility decision, and so there is hardly a record on which to assess blame. Ultimately, however, the petition at least states a claim for denial of a constitutional right, which is all that is required for a COA to issue when the petition has been denied on procedural grounds. *Slack*, 529 U.S. at 484.

As to the other issues raised, a certificate of appealability will be denied as to the decision denying Rule 60 relief, but granted as to the motion to extend time to appeal. In his request for a COA, petitioner essentially concedes that he erred in believing Rule 60 was a proper vehicle for reconsideration of the dismissal of his petition. This means there was no denial of a constitutional right when this court denied the Rule 60 motion. As to the request for an extension of time to appeal, petitioner's attorney states that he was not trying to achieve any improper purpose in delaying the filing of an appeal, but instead his delay was based in part on the legal error he has conceded, namely, that Rule 60 was an appropriate vehicle for challenging the judgment under these circumstances. That, in itself, could be viewed as weakening the claim that an extension should

3

have been granted for "good cause." Courts are generally unwilling to excuse tardiness when it is caused by legal errors. *Graphic Communications Intern. Union, Local 12-N v. Quebecor Printing Providence, Inc.,* 270 F.3d 1, 7 (1st Cir. 2001); *Prizevoits v. Indiana Bell Telephone Co.,* 76 F.3d 132, 133 (7th Cir. 1996).

On the other hand, as the Seventh Circuit has noted, the Supreme Court adopted "a more forgiving standard" for assessing excusable neglect than previously existed in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 387-88 (1993). *Graphic Communications Intern. Union, Local 12-N*, 270 F.3d at 4. Given this more flexible standard, and the fact that petitioner's Rule 60 motion was filed within the time to appeal and not for purposes of delay, it is possible that reasonable jurists could disagree. Accordingly, the request for a certificate of appealability will be granted as to this issue, as well.

**IT IS THEREFORE ORDERED** that the request for a certificate of appealability is **GRANTED** as to the question of whether the petition should have been dismissed as a second or successive petition and the issue of whether petitioner's motion to extend time to appeal should have been granted. It is **DENIED** in all other respects.

Dated this   16th   day of March, 2007.

                                                          s/ William C. Griesbach
                                                          William C. Griesbach
                                                          United States District Judge